IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EDDIE EVANS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:15CV277 |
| | ) |
| FRANK L. PERRY, | ) |
| | ) |
| Respondent. | ) |

RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b). The Motion and accompanying documents are labeled as being filed in Evans v. Perry, No 1:12CV101 (M.D.N.C). In that case, which the Court closed nearly two years before Petitioner's current filings, the Court dismissed as time-barred a habeas corpus petition filed by Petitioner under 28 U.S.C. § 2254. In his current Motion, Petitioner does not seek to remedy a defect in the collateral review process or other non-merit aspect of the ruling, but instead attacks his conviction or sentence by continuing to argue that the Court should hear his § 2254 Petition. The Court will therefore construe the current Motion as a new petition under 28 U.S.C. § 2254. See Gonzalez v. Crosby, 545 U.S. 524 (2005); United States v. Winestock, 340 F.3d 200 (4th Cir. 2003). As such, Petitioner's pleading is defective because he failed to file his claims on the proper § 2254 forms. See Rules Governing Section 2254 Cases Rule 2(c).

There is no need to put Petitioner through the extra work of submitting his claims on the proper forms because, as noted previously, Petitioner already challenged this conviction

in a previous § 2254 action. Therefore, the present pleading should be dismissed for lack of jurisdiction because of Petitioner's failure to obtain permission from the Fourth Circuit for a second or successive § 2254 action, as is required by 28 U.S.C. § 2244. See Winestock, 340 F.3d at 200.

IT IS THEREFORE ORDERED that the Clerk send Petitioner a copy of this Recommendation, instruction forms for filing § 2254 actions in this Court and Motions for Authorization in the court of appeals, and four copies of § 2254 forms (more copies will be sent on request). Petitioner should keep the original and two copies of the completed § 2254 forms which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

IT IS THEREFORE RECOMMENDED that Petitioner's "Rule 60(b)" motion be construed as an attempt by Petitioner to file a second or successive § 2254 action.

IT IS FURTHER RECOMMENDED that this action be dismissed due to Petitioner's failure to obtain certification from the Fourth Circuit as required by 28 U.S.C. § 2244 and Fourth Circuit Local Rule 22(d).

This, the 2nd day of April, 2015.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**